NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0625n.06

No. 14-5074

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Aug 13, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SARAH ROSSANNA ALDRICH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| RURAL HEALTH SERVICES CONSORTIUM, | ) | COURT FOR THE EASTERN |
| INC., | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: SILER and KETHLEDGE, Circuit Judges; WATSON, District Judge.[*]

KETHLEDGE, Circuit Judge. Sarah Aldrich worked for Rural Health Services. Aldrich forwarded emails containing patient information to her personal Yahoo account. Rural Health ordered her to delete the emails, citing its confidentiality policy. Aldrich refused, on the ground that she was preserving evidence for an age-discrimination lawsuit filed by a former coworker. Rural Health fired her, and she sued, claiming retaliation under the Age Discrimination in Employment Act (ADEA) and Tennessee state law. The district court granted summary judgment for Rural Health. We affirm.

I.

We recite the facts in the light most favorable to Aldrich. *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 719 (6th Cir. 2008). Rural Health is a non-profit health-care provider. As

---

[*] The Honorable Michael H. Watson, Judge for the Southern District of Ohio, sitting by designation.

such, Rural Health must comply with the Health Insurance Portability and Accountability Act (HIPAA), which protects the privacy of a patient's medical records. *See* 42 U.S.C. § 1320d-1(a)(3).

Aldrich began work at Rural Health in 2002. She worked with the company's CFO, Benny Brewster, and the CEO, Linda Buck. Brewster was fired in 2011 and sued the company, claiming age discrimination. Shortly thereafter, Buck sent Aldrich an email that said "[d]elete this as soon as you read, and don't copy anyone. We are going to have to be careful because this may be read by Benny's lawyers." Two months later, Buck sent her another email, instructing her to "[d]estroy these emails because Benny's attorney will be going through our emails." A few weeks later, Buck sent Aldrich and other employees an email that said "[p]lease go through your emails and any reference of scenes, cameras and comments about them, delete. And then delete this email all the way to delete the delete box. LOL."

Around this time, Aldrich became concerned about her job security at Rural Health because of an ongoing disagreement with Buck about a consultant's report. She also believed that Buck was destroying evidence relevant to Brewster's lawsuit. In April 2012, Aldrich began forwarding emails from her company account to her personal Yahoo account. She forwarded all emails between Buck and herself, without knowing what was in them. Many of the emails contained patient information.

Later that month, Rural Health's IT administrator, George Lewis, discovered that Aldrich had forwarded emails to her personal account. Lewis and Rural Health's HR administrator, Misty Williams, met with Aldrich and told her to delete all of the forwarded emails in her Yahoo account. Aldrich refused. Rural Health suspended Aldrich and continued to insist that she delete the emails. Aldrich continued to refuse. In May, Rural Health fired her.

Aldrich sued Rural Health, claiming retaliation in violation of the ADEA. She also brought state-law claims under the Tennessee Human Rights Act (THRA), Tenn. Code. Ann. § 4-21-301(1); the Tennessee Public Protection Act (TPPA), Tenn. Code. Ann. § 50-1-304(b); and for common-law retaliation. Aldrich alleged that she was fired for refusing to destroy evidence related to the Brewster lawsuit. Rural Health filed a motion for summary judgment on all claims, which the district court granted. This appeal followed.

II.

We review a district court's grant of summary judgment de novo. *Niswander*, 529 F.3d at 719. Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact. *Id.* An issue is genuine if the evidence would allow a reasonable jury to return a verdict for Aldrich. *Sjostrand v. Ohio State Univ.*, 750 F.3d 596, 599 (6th Cir. 2014).

A.

Aldrich argues that Rural Health violated the ADEA and the THRA when it fired her. We apply the same analysis to both statutes. *See Bender v. Hecht's Dept. Stores*, 455 F.3d 612, 620 (6th Cir. 2006). Aldrich must first make out a prima facie case of retaliation under 29 U.S.C. § 623(d), which includes four elements: first, that she was engaged in a protected activity; second, that the employer knew about this activity; third, that the employee suffered an adverse employment action; and fourth, a causal connection between the protected activity and the adverse employment action. *Niswander*, 529 F.3d at 720. The dispute here is whether Aldrich engaged in protected activity. An employee is engaged in protected activity if she "has opposed any practice made unlawful by" the ADEA (the opposition clause), or if she has "participated in any manner in an investigation, proceeding, or litigation under" the ADEA (the participation clause). *See* 29 U.S.C. § 623(d).

Here, Aldrich contends that she was participating in the Brewster lawsuit when she forwarded the emails because some of them were within the scope of Brewster's discovery requests to Rural Health. In *Niswander*, this Court held that a plaintiff was not covered by the participation clause even when she disclosed documents in response to a discovery request, because the documents were unrelated to the underlying discrimination claim. 519 F.3d at 717–18. Here, Aldrich was not directly involved in any litigation, or responding to any request from Brewster's attorneys, when she forwarded emails to her personal account. Had she been fired for disclosing emails in response to a subpoena, or for her deposition testimony in the Brewster litigation, then her conduct would have been protected by the participation clause. Aldrich does not contend that she was fired for any direct participation, however, and therefore the participation clause does not apply.

Aldrich also contends that she was opposing activity the ADEA makes unlawful when she refused to delete the emails in her personal account. To qualify as a protected activity under the opposition clause, an employee's use of confidential documents must be "reasonable under the circumstances." *Id.* at 725. The employer's need to protect confidential information must be balanced against the need for employees to be protected from retaliation, to avoid "incentiviz[ing] behavior that ought not be tolerated in the workplace—namely, the surreptitious theft of confidential documents as potential future ammunition should the employee eventually feel wronged by her employer." *Id.* at 722. Here, Aldrich indiscriminately sent confidential records from Rural Health's secured servers to her personal Yahoo account—putting at risk, if not outright invading, the privacy of the company's patients. The content of the emails was highly sensitive, and many of them were unrelated to Brewster's ADEA lawsuit. One email revealed, for example, that a patient was being treated for attention-deficit disorder; another

revealed that a patient had been treated with Dysport (a drug similar to Botox); and yet another revealed that an employee sought a discount for HCG (a weight-loss treatment). None of these emails had anything to do with Brewster's case. Moreover, Rural Health's confidentiality policy prohibited the misuse of patient and employee information, and the policy warned employees that violations could lead to termination. And HIPAA requires Rural Health to protect all electronic medical records, and to "[e]nsure compliance . . . by its work force." 45 C.F.R. 164.306(a). Aldrich's use of emails containing confidential patient information was patently unreasonable.

Under these circumstances, a reasonable jury could not find that Aldrich was engaged in a protected activity. Thus, the district court properly granted summary judgment on Aldrich's claims under the ADEA and the THRA.

### B.

Aldrich also claims retaliation under the Tennessee Public Protection Act. The TPPA provides a cause of action to employees fired "for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code. Ann. § 50-1-304(b). Here, Aldrich says she refused to participate in illegal activities when she refused to delete the emails in her Yahoo account, citing EEOC regulations and the Tennessee Rules of Civil Procedure. But neither the regulations nor the Tennessee Rules require an employee to keep confidential business records in their personal email accounts. Thus, summary judgment was proper on Aldrich's TPPA claim.

### C.

Aldrich also argues that her termination amounted to retaliation under Tennessee common law. To prevail on a common-law retaliation claim, Aldrich must demonstrate, among other things, that Rural Health fired her for attempting "to exercise a statutory or constitutional

right, or for any other reason which violates a clear public policy." *Gossett v. Tractor Supply Co.*, 320 S.W.3d 777, 781 (Tenn. 2010) (internal quotation marks omitted). None of those concerns was present here.

The district court's judgment is affirmed.